UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA

v.    Criminal Action No.
       5:05CR6-J

DOUGLAS JOHN HILL

### MEMORANDUM AND ORDER

On August 24 and 25, 2005, the Court heard testimony and argument concerning defendant's motion to suppress photo identification and in court identification by three different witnesses. The Court is of the opinion that the motion should be granted in part and denied in part.

Two of the witnesses whose identifications are challenged were tellers at U.S. Bank on the morning of the robbery at that site. A month later, both witnesses identified a photograph of defendant Hill as depicting the person who robbed the bank. There is no question that the photograph was "unduly suggestive," in that two photographs of two very different individuals were shown on a broadcast news program and identified as persons sought in connection with one or more local bank robberies. As the photograph of Mr. Hill was not presented as part of a photographic lineup, defendant contends that the identification process was unduly suggestive and both those identifications and in-court identifications should be suppressed.

The parties are in agreement that the applicable authority is clear. In Manson v. Brathwaite, 432 U.S. 98 (1977), the Court recognized that identifications based on viewing single photographs are highly suggestive, but the Court rejected the invitation to adopt a rule that

1

identifications based on single photographs would be routinely inadmissible. Instead, the Court is required to examine whether there are independent "indicia of reliability" pursuant to the factors identified in <u>Neil v. Biggers</u>, 409 U.S. 188 (1972). The central question is whether, under the totality of the circumstances, there is a substantial likelihood of misidentification.

With respect to the testimony of Candy Ramsey, the Court is convinced that sufficient independent indicia of reliability exist to allow the jury to determine the weight to be given to her identification(s). She had a clear opportunity to view the person who robbed her, since there was no mask or barrier or other obstruction between her and the person who handed her the hold-up note. As she was actually the subject of the robbery, her degree of attention to him was extraordinarily high. She provided an accurate description immediately after the event. Her level of certainty that she had identified the correct individual was extremely high; indeed, she claimed "100% certainty." The length of time between her observation of the robber and her identification of the photograph was one month.

With respect to Michelle Langston, however, the <u>Biggers</u> factors do not point to sufficient reliability to overcome the "unduly suggestive" nature of her identification of the photo. Ms. Langston was working the drive-up window on the morning of the robbery. She testified that after waiting on a customer, she turned back to the lobby and saw a man talking on a cell phone with a piece of paper in his hand. She greeted him and offered to help him, but he ended up going to Ms. Ramsey's teller window instead. Ms. Langston then turned back to assist another drive-through customer, and was unaware of the robbery until the perpetrator had left the bank and the supervisory asked all tellers to lock their drawers.

Ms. Langston's opportunity to view the robber was less than Ms. Ramsey's. She did not

wait on him, and while she testified that she noticed him in the lobby after she finished waiting on a drive-up customer, her interaction with him was very brief, consisting only of offering to assist him and having him make no response other than stepping back. When he approached Ms. Ramsey, Ms. Langston turned back to serve another drive-up customer. Neither did she have reason for high degree of attention. She was unaware of anything special about him other than that he was not a regular customer and that he was "rude" in that he failed to return her "hello." She had no reason for carefully attending to his appearance. She provided no description that day; indeed, it appears that neither she nor law enforcement personnel considered that she had useful information to provide, since she was not interviewed nor did she volunteer any information about the perpetrator. She was uncertain whether the man she saw was wearing eyeglasses and was unable to recall anything distinctive about his face. When she saw the photograph on television a month later, she was quite certain he was the person she had seen in the lobby; however, it must be noted that her recollection of the news broadcast was that the two individuals had been arrested for robbing the US Bank – a highly suggestive presentation. She did not call anyone the night of the broadcast. She recalls that upon reporting for work the next morning, she asked Ms. Ramsey if she saw the broadcast, but she does not recall Ms. Ramsey's answer.

     If Ms. Langston had offered information on the day of the robbery, or if she had had particular reason for careful attention, the outcome would likely be different. The Court hastens to add that it has no doubt concerning Ms. Langston's sincerity, and there is no suggestion whatsoever of any form of government misconduct; however, the totality of the circumstances fail to demonstrate sufficient independent indicia of reliability to overcome the highly suggestive

manner in which Mr. Hill's photograph came to her attention. Because of the substantial likelihood of irreparable misidentification, Ms. Langston's identifications must be excluded.

The final challenge concerns Ms. Kimberly Russian, who testified that she saw an individual walking through the parking lot of the KFC where she worked, and that when she viewed the bank surveillance tape, she identified the robber as that individual. The unfortunate destruction of that tape may be of significance to the jury, but it has no bearing on the admissibility of Ms. Russian's testimony. Any question goes to weight, not to admissibility.

Accordingly,

IT IS ORDERED:

1. Defendant's motion to suppress is granted with respect to the photo and in-court identifications by Michelle Langston.

2. Defendant's motion to suppress is denied with respect to the photo and in-court identifications by Candy Ramsey and Kimberly Russian.